**Pervis T. PAYNE, Petitioner–Appellant,**

v.

**Ricky BELL, Warden, Respondent–Appellee.**

**No. 02–5551.**

United States Court of Appeals, Sixth Circuit.

Feb. 8, 2005.

J. Brooke Lathram, Todd A. Rose, W. Les Jones, Jr., Burch, Porter & Johnson, Memphis, TN, for Petitioner–Appellant.

Christopher M. Minton, Fed. Public Defender, Federal Public Defender's Office, Jennifer L. Smith, Asst. Atty., Joseph F. Whalen, III, Asst. Atty. General, Gill R. Geldreich, Asst. Atty. General, Office of the Attorney General, Nashville, TN, for Respondent–Appellee.

Before ROGERS, SUTTON, and COOK, Circuit Judges.

### ORDER

On January 27, 2005, Appellee Ricky Bell, Warden, timely filed a petition for rehearing before the original panel due to the issuance of *Bell v. Cone*, —— U.S. ——, 125 S.Ct. 847, 160 L.Ed.2d 881, 2005 WL 123827 (January 24, 2005), a decision of the United States Supreme Court reversing *Cone v. Bell*, 359 F.3d 785 (6th Cir.2004), relied upon as authority in the instant case. Although, under FED. R.APP. P. 40(a)(3), a petition for rehearing will not ordinarily be granted unless the court first requests an answer to the petition, this case presents the type of extraordinary circumstance under which no answer is required to aid the court in its determination of the propriety of granting the petition. *See United States v. Allegheny–Ludlum Indus., Inc.*, 568 F.2d 1073, 1074 (5th Cir.1978) (issuance of a United States Supreme Court opinion directly on point eliminates need for an answer).

The panel accordingly grants rehearing with respect to Section II.A. of the court's opinion, specifically, on the issue of the effect of *Bell v. Cone*, —— U.S. ——, 125 S.Ct. 847, —— L.Ed.2d——, 2005 WL 123827 (January 24, 2005), to Payne's challenge to the use of the heinous, atrocious, or cruel aggravating circumstance. The clerk is to set a briefing schedule directing simultaneous briefing. No further oral argument will be scheduled. Briefs are not

to exceed 7,000 words or 650 lines of text. No reply brief will be accepted unless the court makes a specific request for a reply brief.