**Harold HOUSTON, Petitioner—Appellant,**

v.

**Gail LEWIS, Warden; Bill Lockyer, Respondents—Appellees.**

No. 03–57037.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2005.*

Decided March 22, 2005.

Christina Gabrielidas, San Diego, CA, for Petitioner–Appellant.

Harold Houston, Coalinga, CA, Garrett Beaumont, DAG, Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: GRABER, CALLAHAN, Circuit Judges, and BREYER,** District Judge.

MEMORANDUM ***

After his conviction in state court for possession with the intent to sell both cocaine base and methamphetamine, the petitioner appealed to the California Court of Appeal, which affirmed his conviction. Thereafter, the petitioner filed a habeas

** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

petition with the district court under 28 U.S.C. § 2254, claiming that his trial counsel was ineffective and that, as a result, the state court erred in denying his motion for a new trial. The district court denied habeas relief.

We review the district court's decision to deny habeas relief de novo and its findings of fact for clear error. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir.2004). As this is a collateral review of a state court decision, and the petitioner filed for federal habeas relief after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 applies. *Id.* The relevant statute, 28 U.S.C. § 2254, "dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, —— U.S. ——, ——, 125 S.Ct. 847, 853, 160 L.Ed.2d 881 (2005) (per curiam) (internal quotation marks and citations omitted). The district court did not err in denying the habeas petition unless the California Court of Appeal's decision was "(1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or was (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Ignacio*, 360 F.3d at 1055 (quoting 28 U.S.C. § 2254(d)(1), (2)).

The petitioner contends, *inter alia*, that his trial counsel labored under a conflict of interest, did not prepare for trial, and should have made a suppression motion and called witnesses to provide exculpatory testimony. Although his trial counsel's performance may have been deficient in some respects, that is not enough to prove constitutionally ineffective assistance. Petitioner must also show that he suffered prejudice. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Whether we view each of trial counsel's alleged errors in isolation or cumulatively, the petitioner fails to show that the California Court of Appeal unreasonably concluded that the alleged errors committed by his trial counsel did not amount to ineffective assistance under the Sixth Amendment. Accordingly, the district court's decision denying habeas relief is hereby

AFFIRMED.