No. 04-1314
File Name: 06a0156n.06
Filed: February 28, 2006

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOSEPH ANDRE BURRELL,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　　）
　　　　　　Petitioner-Appellant,　　　　　　）
　　　　　　　　　　　　　　　　　　　　　　）
　　v.　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　　）　　On Appeal from the United States
　　　　　　　　　　　　　　　　　　　　　　）　　District Court for the Eastern
　　　　　　　　　　　　　　　　　　　　　　）　　District of Michigan
　　　　　　　　　　　　　　　　　　　　　　）
ROBERT KAPTURE,　　　　　　　　　　　　）　　OPINION
　　　　　　　　　　　　　　　　　　　　　　）
　　　　　　Respondent-Appellee　　　　　　）

Before: SILER and SUTTON, Circuit Judges; SHARP, District Judge.*

On December 15, 1997 at approximately 5:00 p.m., Scott Krupa, age 17, was shot and

killed outside the home of Joshua Mayes in Harrison Township, Macomb County, Michigan.

The petitioner, Joseph Andre Burrell, was tried before a jury in the Macomb Circuit Court

for murdering Scott Krupa, where he was convicted of second degree murder and possession

of a firearm during the commission of a felony and sentenced to 50 to 75 years in prison for

the second degree murder conviction, to be served consecutive to two years for the felony-

firearm conviction.  There was a direct appeal to the Court of Appeals for the State of

_____

*The Honorable Allen Sharp, United States District Judge for the Northern District of
Indiana, sitting by designation.

Michigan, and a  panel of that court affirmed the aforesaid convictions and sentences in an

unpublished opinion entered January 12, 200.  Thereafter on October 29, 2001, the Supreme

Court of Michigan denied leave to appeal.  The petitioner timely filed for relief under 28

U.S.C. §2254 in the United States District Court for the Eastern District of Michigan,

Southern Division.  U.S. District Judge Gerald E. Rosen denied habeas relief on January 20,

2004, and later denied the petitioner's motion for certificate of appealability on May 3, 2004.

On November 4, 2004, this court granted a limited certificate of appealability.  Here, the

statement of the Michigan Court of Appeals is helpful:

> Whether Burrell was denied his due process right to present a defense when
> the trial court refused to allow him to introduce evidence that another person
> possessed and fired a gun and that a bullet from that gun could have caused the
> victim's death.

Judge Rosen's summary of the petitioner's testimony on page three of his order is also

revealing.  The jury had a clear choice as to whom to believe on who fired the fatal shots and

had a solid evidentiary case to determine that petitioner did so.

The focus here is on violations of the <u>federal</u> Constitution, statutes and treaties.

*Estelle v. McGuire*, 502 U.S. 62 (1991).  The focus is not on violations of purely State law.

It is not disputed that the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),

28 U.S.C. § 2244(d)(1) applies to this case.  The standard of review here is found in 28

U.S.C. §2254(d), which provides:

> 28 U.S.C. §2254(d) imposes the following standard of review on federal courts
> reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in Sate court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Basic guidance is found in a pair of decisions by the Supreme Court of the United States decided unanimously the same day. *Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002). Two followup cases, also unanimously decided, are of some moment here. *See Yarborough v. Gentry*, 540 U.S. 1 (2003) and *Price v. Vincent*, 538 U.S. 634 (2003) reversing *Vincent v. Jones*, 292 F.3d 506 (6th Cir. 2002). Most recently, the Supreme Court decided *Bell v. Cone*, 125 S.Ct. 847 (2005), reversing *Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004). Those cases and their progeny provide substantial guidance here. Generally, federal courts are bound by a state court's adjudication of a petitioner's claims unless the State court decision is contrary to or involved in unreasonable application of clearly established application of a decision or decisions of the Supreme Court of the United States.

Burrell received a certificate of appealability with respect to just one claim: "[W]hether Burrell was denied his due process right to present a defense when the trial court

refused to allow him to introduce evidence that another person possessed and fired a gun and that a bullet from that gun could have caused the victim's death." Order at 1, Burrell v. Kapture, No. 02-74225 (6th Cir. Nov. 4, 2004).

In rejecting this claim, the Michigan Court of Appeals, the last state court to consider his claim reasoned as follows:

> When defendant cross-examined Randy Eubanks, defendant sought to introduce evidence that Mayes assaulted Eubanks with a gun earlier on the day Scott Krupa was shot. When the trial court asked how the information was relevant, defendant argued that it suggested it may have been Mayes' gun that shot the victim. The trial court disagreed, stating that "the fact there was a handgun there does not even create an inference that that handgun was somehow utilized later at the time of the incident shooting." Later, defendant tried to introduce Joseph Balaswad's testimony that Mayes asked him to hide a gun after the shooting. Defendant claimed that the gun may have been the same caliber as the murder weapon, and argued that such a gun being on the premises at the time of the shooting was relevant as to the murder weapon. The trial court ruled that the evidence was only admissible if defendant could first establish that the gun was fired and that the projectile was consistent with the bullet that killed Krupa. Otherwise, the testimony was irrelevant. The court stated:

> > Now, unless you can show and link that gun in some fashion, that it was utilized during that altercation, the fact that one possesses a gun, one cannot infer that the gun was shot.

> > *       *       *

> > I'll allow the questioning in this fashion, you may ask this witness if he knows if there was a gun that was fired from inside the building. If he knows that fact, then you may ask him whether or not there was a nine millimeter gun inside of the building. If he knows that fact, then you could ask him who the owner of the gun was. And if he knows that fact, you can go to the next step, what happened to the gun, that he was asked to

> hide it. But you have to do it in this order otherwise it can never be relevant.
>
> Under those constraints, defendant was not able to admit evidence that Mayes had a gun."

JA 67-68.

As a general matter, one cannot lightly show that an evidentiary ruling–here, a relevance determination–is so erroneous that it violates the United States Constitution. And that is even more true when the evidentiary ruling involves a matter of state law and is viewed through the "highly deferential" lens of AEDPA. *Cyars v. Hofbauer*, 383 F.3d 485, 489 (6th Cir. 2004); *see Maldonado v. Wilson*, 416 F.3d 470, 476-77 (6th Cir. 2005)(holding under AEDPA that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (internal quotation marks omitted); *Byrd v. Collins*, 209 F.3d 486, 528 (6th Cir. 2000) ("[I]t is surely not our role on habeas review to decide whether a state trial judge's decision whether to admit evidence pursuant to state evidentiary rules was a proper one.").

Burrell cannot satisfy this heavy burden. To begin, substantial evidence supported the jury's verdict, some of which contradicted Burrell's "friendly fire" theory. Eubanks, who was in the car with Burrell, testified that Burrell "pulled a gun out of his jacket and started firing." JA 140-41. Nathaniel Childress testified that "Joseph Burrell . . . did the shooting." JA 97. Eubanks testified that the only gunshots he heard were fired by Burrell. JA 143. Childress, who was near Mayes, testified that Burrell "was the only one I saw with a gun, for

sure." JA 97. Balaswad testified that Mayes, the alleged source of the friendly fire, did not have a gun during the shooting. JA 197. Eubanks testified that after the shooting Burrell "stashed his gun" behind a gas station. JA 144. Lieutenant Ronald Krueger testified that Burrell admitted to firing a gun "towards the people that were running" "until it was empty." JA 125. A gun found in the area where Burrell was dropped off after the shooting was determined to have fired the casings found at the scene. JA 184-85.

Attempting to counter this evidence, Burrell argued that friendly fire from Mayes killed Scott Krupa. In doing so, he attempted to present the following evidence: that Mayes had threatened Eubanks with a gun (in the presence of Burrell) earlier that day; that Mayes was in the house at the time of the killing; that after the killing Mayes had asked Balaswad to hide a gun; and that the hidden gun could fire the same kind of bullet that killed Scott Krupa. This evidence would have been introduced during the cross-examination of Balaswad, Burrell claims, had he been able to satisfy the trial court's foundation requirements. He was unable to do so–at the time of Balaswad's cross-examination, no showing had been made that a gun had been fired from Mayes's house while other witnesses had testified that Burrell was the only one who had fired a gun–and accordingly the trial court refused to admit the evidence on relevancy grounds. *See* D. Ct. Op. at 13 (reciting state court's foundational requirement that Burrell first show that "a gun [] was fired from this house"). Like the state courts, we do not believe that this relevancy ruling constituted error, much less the kind of error that would satisfy the AEDPA standard of review.

Burrell, it is true, *later* testified that shots were fired from the house (which constituted the only evidence of shots fired by someone other than Burrell), testimony that might well have supplied the foundation that the district court had required. But Burrell never sought to recall Balaswad and thus never gave the trial court an opportunity to reconsider its earlier evidentiary ruling. We cannot fault the state court for its lack of clairvoyance under these circumstances.

Given the trial court's reasonable foundation requirement and given Burrell's failure to satisfy it, Burrell has not shown that the trial court "undermined fundamental elements of [Burrell's] defense," *United States v. Sheffer*, 523 U.S. 303, 315 (1998), or rendered Burrell's trial "fundamentally unfair," *Maldonado*, 416 F.3d at 476. Even without the excluded evidence, Burrell still presented his "friendly fire" defense to the jury based on his own testimony. The jury, however, apparently did not believe it. In view of the abundant evidence supporting the jury verdict and in view of the reasonable basis for the trail court's evidentiary ruling, Burrell has failed to supply a legitimate ground for disturbing this verdict.