Gary Bradford CONE, Petitioner–
Appellant,

v.

Ricky BELL, Warden, Riverbend
Maximum Security Institution,
Respondent–Appellee.

No. 99–5279.

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2007.

Robert L. Hutton, Glankler & Brown, Memphis, TN, Paul R. Bottei, Assistant Federal Public Defender, Federal Public Defender's Office, Nashville, TN, for Petitioner–Appellant.

Michael E. Moore, Solicitor General, Gordon W. Smith, Assistant Attorney General, Amy L. Tarkington, Assistant Attorney General, Jennifer L. Smith, Assistant Attorney General, Office of the Attorney General, Nashville, TN, for Respondent–Appellee.

Before: MERRITT, RYAN, and NORRIS, Circuit Judges.

### ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active * judges of this court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.

MERRITT, Circuit Judge, with whom MARTIN, DAUGHTREY, MOORE, COLE, CLAY, and GILMAN, Circuit Judges, join, dissenting from the failure to grant an *en banc* rehearing. As my opinion dissenting from the panel's majority opinion points out, the State has successfully relied on procedural default on Cone's *Brady* claim throughout the state and federal judicial proceedings. It successfully claimed in the Tennessee courts that the *Brady* claim was "previously determined," not that it was "never raised." Then in federal court, the State made inconsistent claims that the *Brady* claim was both "previously determined" and "never raised." The majority of our panel has now held in two separate opinions that the claim is procedurally defaulted because "previously determined."

Now for the first time in its response to Cone's *en banc* petition, the State no longer asserts that the *Brady* claim was "previously determined" in state court. It rec-

ognizes now that the state courts have never considered the *Brady* claim on the merits. The State's response relies only on the argument that the claim is defaulted because it was "never raised" in state court.

This "never raised" argument is blatantly false. As outlined in my dissenting opinion, the record clearly demonstrates that on October 5, 1993, Cone's counsel filed an amendment to his second petition for post-conviction relief in the Criminal Court in Memphis stating in some detail that a constitutional violation occurred in Cone's trial "because the State withheld exculpatory evidence which demonstrated that petitioner did in fact suffer drug problems and/or drug withdrawal or psychosis both at the time of the offense and in the past, such evidence including ... statements contained in official police reports .... Such evidence was highly exculpatory .... There is a reasonable probability that, had the evidence not been withheld, the jurors would not have convicted petitioner and would not have sentenced him to death."

The State now argues that the issue was "never raised" because Cone did not recite and describe in detail each of the fourteen police documents and witness statements containing the exculpatory evidence of drug addiction withheld by the prosecution. It seeks to avoid a decision on the merits by insisting that Cone improperly pled his separate pieces of evidence as one claim instead of separate claims. The State reverses its previous position on procedural default and now attempts to slice up Cone's whole claim into little pieces. The State knows that it cannot defeat Cone's fundamental claim that the prosecution withheld exculpatory evidence of Cone's drug addiction and that Cone "did in fact suffer drug problems and/or drug

---

* Judge Gibbons recused herself from participation in this ruling.

withdrawal or psychosis" and that his evidence is "contained in official police reports."

By failing to reject the State's artificial effort to divide up the claim into fourteen little pieces and then conquer it through a phony procedural default defense, the *en banc* court is closing its eyes and allowing Cone to be executed without any effort to get to the merits or have the district court or a state court investigate the prosecution's concealment of strong exculpatory evidence of drug addiction.

The State's divide-and-conquer tactic is inconsistent with pleading rules in habeas cases under both Tennessee and federal law. The Tennessee Supreme Court requires simply that the habeas petition state "a colorable claim ... for post-conviction relief, that, if taken as true, in the light most favorable to petitioner would entitle petitioner to relief." *Arnold v. State of Tennessee,* 143 S.W.3d 784 (Tenn. 2004). The United States Supreme Court requires simply that "the substance of the federal habeas corpus claim must first be presented to the state courts." *Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Gray v. Netherland,* 518 U.S. 152, 163, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Cone's lawyers have tried diligently to comply only to be confronted by a prosecutorial smoke screen designed to obscure, confuse and mislead the court.

Assuming arguendo that the State were right that the *Brady* claim was never raised in state court, the solution to the problem is not to dismiss the claim on grounds of procedural default. Procedural default is improper in this situation. Rather the federal courts should stay the proceedings on the *Brady* claim until the claim can be exhausted in state court. *Rhines v. Weber,* 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). As

pointed out in my dissenting opinion, the state court ruled that the *Brady* claim was "previously determined" and refused to adjudicate it—a mistaken ruling directly inconsistent with the State's defense that the claim was never presented to the state courts. Our court's refusal to look at the case means that no court, state or federal, will ever have considered the claim on the merits seriously. The State's concealment of exculpatory evidence from the jury will result in Cone's execution without proper review.

The long delay in considering and correcting this fatal error is due in part to the fact that the case in federal court has gone to the Supreme Court twice on other issues. This court twice issued the writ of habeas corpus, first on grounds of ineffective assistance of counsel, and then on grounds that the "heinous, atrocious and cruel" aggravator found by the jury was unconstitutionally vague. The Supreme Court reversed the panel decision twice leaving the *Brady* issue in limbo for many years. *See Cone v. Bell,* 243 F.3d 961 (6th Cir.2001), *rev'd,* 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (ineffective assistance of counsel); *Cone v. Bell,* 359 F.3d 785 (6th Cir.2004), *rev'd,* 543 U.S. 447, 125 S.Ct. 847, 160 L.Ed.2d 881 (2005) ("heinous, atrocious and cruel" aggravator).

Now, fourteen years after the *Brady* claim was initially raised in state court, we learn from the State Attorney General that the claim was never really raised. Having been twice reversed in the Supreme Court, we should not err again by failing to insure that the State's prosecutorial misconduct in concealing exculpatory evidence is considered on the merits. After fourteen years and two trips to the Supreme Court, surely the time has come to fully consider the *Brady* claim on the merits. There is no constitutional basis for disposing of this

claim under the doctrine of procedural default.