MARTHA CRAIG DAUGHTREY, Circuit Judge,
concurring.
I concur in the reasoning and the result in Judge Boggs’s opinion but write separately to address the admissibility of Sutton’s prior criminal offenses. This issue is key, in my judgment, as it relates to the prejudice prong of the Strickland analysis necessitated by Sutton’s claim of ineffective assistance of counsel. The dissenting opinion reads Judge Boggs’s opinion as “conceding]” that the elicitation of “testimony about Sutton’s past crimes ... is an unlikely possibility.” This interpretation is wrong in two respects, at different levels of significance.
First, on a superficial level, the term “concedes” overstates Judge Boggs’s rather tentative[1] observation that Sutton’s criminal record should, or perhaps could, be “discounted by a relatively low probability of admission.” Second, and of much greater importance, is the fact that in the peculiar circumstances of the trial in this case, the admissibility of Sutton’s prior history would almost certainly have been admissible to rebut much of the proposed mitigation evidence introduced at the evidentiary hearing in district court.
True, there is a line of cases in the Tennessee law of sentencing that has a somewhat limiting effect on the scope of negative evidence admissible in the penalty phase of a capital case. It traces back to the Tennessee Supreme Court’s opinion in Cozzolino v. State, 584 S.W.2d 765 (Tenn.1979), one of the first death-penalty cases reviewed on appeal after the reinstatement *766 of the death penalty in 1977. The Tennessee Supreme Court held that the trial judge erred during the sentencing hearing in permitting the prosecutor to introduce evidence during its case-in-chief that Cozzolino had committed several armed robberies subsequent to the murder for which he was on trial. The state had succeeded in convincing the trial judge that the evidence in question was relevant under (then) Tenn.Code Ann. § 39-13-204(c):
In the sentencing proceeding [in a capital case], evidence may be presented as to any matter that the court deems relevant to the punishment and may include, but not be limited to, the nature and circumstances of the crime; the defendant’s character, background history, and physical condition; any evidence tending to establish or rebut the aggravated circumstances ...; and any evidence tending to establish or rebut any mitigating circumstances.
The Cozzolino court rejected the state’s broad reading of the statute, instead holding more narrowly that:
When the statute is considered as a whole, it is clear that the only issues that the jury may properly consider in reaching a decision on the sentence to be imposed are whether the State has established one or more of the aggravating circumstances beyond a reasonable doubt and, if so, whether any mitigating factors have been shown that would outweigh those aggravating factors.
Cozzolino, 584 S.W.2d at 768. Hence, the court concluded, “evidence is relevant to the punishment, and thus admissible, only if it is relevant to an aggravating circumstance, or to a mitigating factor raised by the defendant.” Id. As a result, the court held, it was error to permit the introduction of the evidence to rebut mitigating circumstances that had not yet been offered by the defendant, for “[o]ne cannot rebut a proposition that has not been advanced.” Id. Noting that this error “might have been made harmless by the later introduction of evidence to which the State’s proof of subsequent crimes was relevant in rebuttal,” the court offered this observation:
The defendant’s proof was limited to an attempt to show the origin, in a troubled childhood, of the defendant’s criminal acts. This proof was not controverted by the State’s demonstration of his present criminal proclivities.

Id.

In this case, the state post-conviction courts at both the trial and appeal levels applied state law as summarized above and concluded that Sutton did not establish that he was prejudiced by his counsel’s failure to delve into and present evidence of Sutton’s troubled childhood. They did so in a principled and thorough fashion. See Nicholas Todd Sutton v. State of Tennessee, No. 03C01-9702-CR-00067, 1999 WL 423005 (Tenn.Crim.App. June 25, 1999). Yet, the dissent characterizes the state courts’ application of Strickland to the facts of this case as unreasonable without taking into account their analysis of the issue. This despite the United States Supreme Court’s admonition in Bell v. Cone, 543 U.S. 447, 455, 125 S.Ct. 847, 160 L.Ed.2d 881 (2005), that a federal court should not “presume ... lightly that a state court failed to apply its own law [in a reasonable fashion].” This despite the fact that 28 U.S.C. § 2254(d) dictates a “highly deferential standard for evaluating state-court rulings” and “demands that state-court decisions be given the benefit of the doubt.” Id. (internal citations and quotation marks omitted). And, this despite cautionary advice in Williams v. Taylor, 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), that “a federal court may not issue the writ simply because the *767 court concludes in its independent judgment that the relevant state court opinion applied clearly established federal law erroneously or incorrectly.”
In this case, too, it behooves us to recall Strickland’s mandate that we “must indulge a ‘strong presumption’ that counsel’s conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight.” Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If defense counsel had more fully investigated Sutton’s background and presented the defense that Sutton now says should have been put before the jury, it is difficult to see how he could have prevented the state from introducing devastating rebuttal evidence. It appears, for example, that Sutton’s trial attorney managed to keep from the jury the underlying details of Sutton’s prior conviction for a crime of violence, one of the three aggravating circumstances established at the sentencing hearing. But if counsel had sought to introduce testimony about Sutton’s “troubled childhood,” the state undoubtedly would have been successful in drawing attention to the fact that this aggravating circumstance involved Sutton’s murder of his grandmother, the same grandmother who had raised him almost from birth and was apparently the only mother figure Sutton ever had. The state might also have been successful in presenting testimony establishing the motive for that murder, which was Sutton’s response to his grandmother’s negative reaction to learning that he had admitted killing two other people in North Carolina.
The dissent is critical of Judge Boggs’s analysis of the probable result of the jury’s deliberations had the jury been able to consider additional evidence of Sutton’s troubled childhood. But weighed against information that Sutton’s conviction for the Estep murder was, in fact, the fourth murder for which he had been found guilty, it seems almost preposterous to think that even one member of the jury would have held out against the death penalty. The same is true of the mitigation evidence offered in the district court to demonstrate Sutton’s need to resort to violence for self-protection, based on the prison conditions that existed at the time of Estep’s death. In rebuttal, the state would surely have argued that prison conditions could not similarly excuse the commission of Sutton’s three prior murders, none of which occurred while he was incarcerated. All in all, whatever one thinks of the level of the trial attorney’s professional competence, it is remarkable that he was able, for the most part, to avoid having the underlying details of his client’s criminal record put before the jury. It is this absence of prejudice that convinces me that Sutton cannot succeed on his claim of ineffective assistance of counsel.

. The only citation following the statement is: "Cf. Rickman v. Bell, 131 F.3d 1150, 1157-60 (6th Cir.1997).” But as Judge Boggs noted parenthetically, evidence of Rickman's "violent and troubled background” was introduced by his own lawyer — and not by the prosecution- — -resulting in our determination that Rickman had received the ineffective assistance of counsel. Moreover, Rickman is a federal case and, thus, not the last word on the admissibility of evidence under Tennessee statutory and case law.