# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2064
_____

Kemen Lavatos Taylor, II

*Petitioner - Appellant*

v.

Governor Mark Dayton; Tom Roy, Commissioner of Corrections

*Respondents - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: June 18, 2020
Filed: August 4, 2020
_____

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

A jury convicted Kemen Lavatos Taylor II on one count of first-degree murder and two counts of attempted first-degree murder arising from the deaths of three teenagers in a planned, gang-related shooting. The Minnesota Supreme Court affirmed his convictions. *State v. Taylor*, 869 N.W.2d 1, 7 (Minn. 2015). Relevant here, the state trial court "issued a list of 'basic rules' for spectators at trial" that

prohibited "profanity, threatening gestures, gum chewing, and cell phones," and it "required spectators to show photographic identification before being allowed entry into the courtroom." *Id.* at 10. On direct appeal, the Minnesota Supreme Court rejected Taylor's argument that the identification requirement violated his Sixth Amendment public trial right. *Id.* The district court[1] dismissed Taylor's petition for a writ of habeas corpus but granted a certificate of appealability on his "open trial-right claim." D. Ct. Dkt. 38 at 7. We affirm.

To grant a state prisoner's application for a writ of habeas corpus with respect to a claim adjudicated on the merits, the prisoner must show that the state court judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to clearly established law "if the state court applies a rule that contradicts the governing law set forth" by Supreme Court cases or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" an opposite result. *Bell v. Cone*, 543 U.S. 447, 452–53 (2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). An unreasonable application of clearly established law results "when a state court correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or unreasonably extends or refuses to extend the legal standard to a new context." *Munt v. Grandlienard*, 829 F.3d 610, 614 (8th Cir. 2016) (citing *Williams*, 529 U.S. at 407). Unreasonable does not mean that the state court decision is merely incorrect: the prisoner must show it is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

---

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Leo I. Brisbois, United States Magistrate Judge for the District of Minnesota.

Taylor claims the Minnesota Supreme Court's decision is both contrary to and an unreasonable application of *Waller v. Georgia*, 467 U.S. 39 (1984) and *Presley v. Georgia*, 558 U.S. 209 (2010) (per curiam). It is neither. Both *Waller* and *Presley* involved undisputed courtroom closures, and as *Presley* makes clear, they provide "standards for courts to apply before excluding the public from any stage of a criminal trial." 558 U.S. at 213–14. In contrast, the Minnesota Supreme Court held that no closure occurred because "there is simply no evidence that the requirement was enforced, or, if so, that even a single individual—identifiable or not—was actually excluded." *Taylor*, 869 N.W.2d at 11–12. The court emphasized that it did "not 'uphold' the trial court's photo identification order," and only held "that the record simply does not support reversal." *Id.* at n.4. As a result, the Minnesota Supreme Court decided "whether a closure meriting Sixth Amendment concern has occurred at all," D. Ct. Dkt. 38 at 5, and did not need to evaluate whether the state trial court properly applied the standards for closing a courtroom set forth in *Waller* and *Presley*. Taylor points to no other alleged violation of Supreme Court precedent, and we hold that his petition was properly denied.

Taylor also claims the Minnesota courts improperly barred him from supplementing the record post-conviction to show that the photographic identification requirement barred some spectators from the courtroom. The district court denied the claim as procedurally defaulted and did not grant a certificate of appealability on it. D. Ct. Dkt. 38 at 5, 7. Although our jurisdiction depends on a certificate issuing, the failure of a certificate to specify an issue is not a jurisdictional bar to our review. *Gonzalez v. Thaler*, 565 U.S. 134, 143 (2012). We may exercise our discretion to address an issue outside the scope of the certificate in appropriate circumstances, *Armstrong v. Hobbs*, 698 F.3d 1063, 1068–69 (8th Cir. 2012), but we decline to expand the certificate of appealability here.

The judgment of the district court is affirmed.

_____