TYMKOVICH, J.,
dissenting;
TACHA, J., and O’BRIEN, J., joining; BRISCOE, J., joining except for Part II.D; and GORSUCH, J., joining Parts II and IV.
The majority makes two serious missteps in addressing the questions posed in this en banc matter. First, it erroneously construes Oklahoma Court of Criminal Appeals Rule 3.11 as imposing a more onerous burden on a criminal defendant than the standard for ineffective assistance of counsel outlined by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, in assessing the OCCA’s application of Rule 3.11 in these two cases, the majority crafts an unduly narrow definition of “adjudication on the merits” that contravenes Supreme Court and other circuit precedent and sidelines the deferential standards of review outlined in the Anti-terrorism and Effective Death Penalty Act (AEDPA).
As explained below, the OCCA, in the course of denying the petitioners’ applications for evidentiary hearings pursuant to Rule 3.11, adjudicated the merits of the petitioners’ ineffective assistance of counsel claims. Those adjudications are entitled to deference under AEDPA. Accordingly, I would affirm the district court’s denial of Mr. Wilson’s petition for habeas relief and remand Mr. Wackerly’s appeal to the panel for consideration in light of AEDPA’s deferential standard of review.
I. Oklahoma Rule 3.11
According to the majority, “Rule 3.11 creates a higher evidentiary burden than the federal standard” and for that reason, the OCCA’s Rule 3.11 determinations are not adjudications on the merits that war *1304 rant AEDPA deference.[1] Maj. Op. at 1300; see also Harris v. Poppell, 411 F.3d 1189, 1196 (10th Cir.2005) (granting deference to a state court decision because the state standard was “at least as favorable” to the petitioner as the federal standard). This reading of Rule 3.11 is erroneous. When properly read in context, the Rule does not supplant Strickland. Instead, it implements the Strickland standard in a framework designed to adjudicate Oklahoma criminal defendants’ constitutional claims fairly and efficiently on direct appeal.
As a matter of policy, Rule 3.11 requires criminal defendants to bring their Strickland claims on direct appeal rather than in post-conviction proceedings and to lay their evidentiary cards on the table before the OCCA. This avoids the inefficiency of multiple proceedings and ensures Strickland claims in Oklahoma are evaluated when evidence is fresh and more reliable. See Murray v. Carrier, 477 U.S. 478, 520, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (“Each State’s complement of procedural rules ... channels], to the extent possible, the resolution of various types of questions to the stage of the judicial process at which they can be resolved most fairly and efficiently.” (quoting Reed v. Ross, 468 U.S. 1, 10, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984))); cf. Woodford v. Garceau, 538 U.S. 202, 206, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003) (AEDPA’s purpose was to “reduce delays in the execution of state and federal criminal sentences, particularly in capital eases”). Nothing is suspect about this procedure. The Constitution does not even require states to provide post-conviction review. See Pennsylvania v. Finley, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).
The Rule also serves a simple gate-keeping role. If a defendant’s proffer under Rule 3.11 is so weak that it does not merit an evidentiary hearing, the request for a hearing will be denied, along with the defendant’s Strickland claim. In denying the claim, the Oklahoma court will necessarily examine the evidence submitted and consider its probative value.[2] Thus, construing Rule 3.11 as somehow operating outside the Strickland framework defies logic: a conscientious appellate judge reviewing a Rule 3.11 motion would evaluate the motion, and the evidence submitted with it, in light of the pending Strickland claim.[3] Indeed, the Rule echoes the *1305 Strickland standard and even borrows language from Supreme Court precedent regarding ineffective assistance. Compare Rule 3.11 (B)(3)(b)(i) (requiring a defendant to rebut “the strong presumptions of regularity of trial proceedings and competency of trial counsel”) with Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (“[A] court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.”).
Critical to our resolution of these en banc proceedings are the standards set forth in Rule 3.11(B)(3)(b)(i), which provide that an “application [for evidentiary hearing] and [supporting] affidavits must contain sufficient information to show [the OCCA] by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence.” Obviously, this language includes a substantive standard that a criminal defendant must meet in order to obtain an evidentiary hearing, i.e., the establishment of “a strong possibility trial counsel was ineffective.” Viewed by itself, the Rule 3.11 standard is undoubtedly lower than the standard set forth in Strickland. Rule 3.11 requires a defendant to demonstrate only “a strong possibility” of ineffective assistance, rather than actual ineffective assistance. Something less than absolute certainty suffices under the Rule’s plain language. See generally Webster’s Third New International Dictionary 1771 (2002) (defining “possibility” as “the character, condition, or fact of being possible whether theoretically,. in general, or under a specified set of conditions”). The phrase “strong possibility” thus echoes Rule 3.11’s purpose: providing for summary review of Strickland claims before restarting the cumbersome fact-finding machinery of the trial court. Cf. Schriro v. Landrigan, 550 U.S. 465, 475, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (holding that AEDPA does not allow “federal habeas applicants to develop even the most insubstantial factual allegations in evidentiary hearings,” and noting that AED-PA was meant to “prevent ‘retrials’ on federal habeas” (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 386, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000))).
The Rule also, however, employs the phrase “clear and convincing evidence.” The majority seizes upon this language, relying on it to conclude Rule 3.11 is incompatible with Strickland. Read in context, the phrase should not be interpreted this way.
The phrase “clear and convincing,” like the phrase “preponderance of the evidence,” when applied by courts “is customarily used to prescribe one possible burden or standard of proof before a trier of fact in the first instance.” Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust, 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993); see also Black’s Law Dictionary 596 (8th ed.2004). But “[b]efore any such burden can be satisfied in the first instance, the factfinder must evaluate the raw evidence, finding it to be sufficiently reliable and sufficiently probative to demonstrate the truth of the asserted proposition with the requisite degree of certainty.” Concrete Pipe, 508 U.S. at 622, 113 S.Ct. 2264. In other words, “clear and convincing evidence” simply establishes how certain the OCCA *1306 must be that the substantive standard (i.e., a strong possibility of ineffective assistance) has been met. See S. Childress & M. Davis, 1-3 Federal Standards of Review § 3.06 (2008).
It is unreasonable to conclude that the “clear and convincing” language heightens the substantive standard employed in Rule 3.11. The only reasonable conclusion to be drawn from the Rule’s language is that the “clear and convincing evidence” standard was intended by the OCCA simply to characterize the type of evidence required, i.e., evidence that is highly reliable and of significant probative value. Indeed, a close examination of Oklahoma law confirms this view. The OCCA teaches that “to meet the ‘clear and convincing’ standard ... [an] Appellant must present this Court with evidence, not speculation, second guesses or innuendo.” Jones v. State, 201 P.3d 869, 890 (Okla.Crim.App.2009). The Rule simply forces defendants to lay out the evidence supporting their Strickland claims and, in turn, prevents litigants from wasting the OCCA’s time with mere speculation or lawyer argument.
The combination of Rule 3.11’s two standards — “strong possibility” and “clear and convincing” — may result from “the hybrid nature of the ... proceeding in which [they are] supposed to be applied.” Concrete Pipe, 508 U.S. at 623, 113 S.Ct. 2264. Ordinarily, the OCCA functions as a reviewing body, assessing the soundness of factual and legal determinations made in the first instance by Oklahoma state trial courts. But when assessing an application for an evidentiary hearing under Rule 3.11, the OCCA is the first court to examine the extra-record evidence presented by the defendant/applicant and to determine the reliability and probative value of that evidence. Presumably, the OCCA, in formulating Rule 3.11, intended for the “clear and convincing evidence” standard to simply add a degree of reliability to the determination of whether the substantive standard (i.e., “strong possibility” of ineffectiveness) has been satisfied.[4]
Moreover, in light of the purpose and structure of Rule 3.11, it is reasonable to conclude that the standard set forth in the Rule was intended to be, and must be construed as, less demanding than the Strickland standard itself. If the Rule 3.11 standard were more stringent than (or even equivalent to) Strickland, there would be no need for an evidentiary hearing in the state trial court after the OCCA granted a defendant’s Rule 3.11 application. The trial court would merely be analyzing the same allegations under the less-onerous Strickland standard. But the Rule requires the OCCA to remand the case to the state trial court for an evidentiary hearing if a defendant satisfies the standard set forth in Rule 3.11(B)(3)(b)(i). After the hearing, the case is returned to the OCCA for final adjudication, where the factual and legal findings of the trial court “shall be given strong deference.” Rule 3.11 (B)(3)(b)(iv). The majority’s interpretation of Rule 3.11’s substantive standard renders this entire procedure a nullity.
To shore up its claim that the “Rule 3.11 standard is contrary to the federal one,” *1307 the majority points to several cases where the OCCA denied evidentiary hearings and we did not. Maj. Op. at 1298-99. Putting aside the questionable empirical accuracy of this approach, it proves nothing. AED-PA does not require a correct decision by a state court — it merely requires an adjudication on the merits.
In any event, the tension between the “clear and convincing” and “strong possibility” language in Rule 3.11 should be resolved by invoking considerations of comity — not by viewing Oklahoma law with skepticism. See Holland v. Jackson, 542 U.S. 649, 655, 124 S.Ct. 2736, 159 L.Ed.2d 683 (2004) (per curiam) (requiring habeas courts to give state court decisions “the benefit of the doubt,” and noting the “presumption that state courts know and follow the law” (quoting Woodford v. Visciotti 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam))). Rule 3.11 is a “good-faith attemptf]” by Oklahoma “to honor [a criminal defendant’s] constitutional rights,” not a mechanism to unfairly marginalize legitimate ineffectiveness claims. Coleman v. Thompson, 501 U.S. 722, 748, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting Engle v. Isaac, 456 U.S. 107, 128, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)).
In sum, two conclusions follow from this analysis.
First, in denying an application for an evidentiary hearing under Rule 3.11(B)(3)(b), the OCCA applies the standards outlined in Rule 3.11(B)(3)(b)(i) to the non-record evidence submitted by a defendant in connection with the application. Its denial should be deemed an “adjudication on the merits” for purposes of 28 U.S.C. § 2254(d)(1). In determining whether a defendant/applicant has established “a strong possibility trial counsel was ineffective,” the OCCA must necessarily consider and apply the Strickland test to the non-record evidence submitted by the defendant/applicant. And because the substantive standard utilized by Rule 3.11 is less demanding than the Strickland test itself — i.e., because it merely requires a “strong possibility,” rather than the actual establishment, of ineffective assistance — a determination by the OCCA that the applicant has failed to satisfy the Rule 3.11 standard necessarily means that the OCCA has concluded that the defendant/applicant could not ultimately prevail on the merits of his ineffective assistance claim. Thus, any such determination should be entitled to deference by a federal habeas court under § 2254(d)(1).
Second, the OCCA’s failure in a given case to specifically cite or analyze the defendant’s proffered non-record evidence should have no impact on the conclusion reached above, i.e., that the OCCA’s decision to deny an evidentiary hearing under Rule 3.11 should be entitled to deference by a federal habeas court. Supreme Court and Tenth Circuit precedent we discuss below from related habeas contexts holds that a state court makes a “determination on the merits” for purposes of § 2254(d)(1) even if the state court’s decision is summary in nature and does not reveal the court’s reasoning. See Early v. Packer, 537 U.S. 3, 9, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (indicating that if the “fair import” of a state court’s decision is that it considered and applied the controlling standards, then its decision is subject to deference under § 2254(d)(1)); Paine v. Massie, 339 F.3d 1194, 1198 (10th Cir.2003) (“Even if a state court resolves a claim in a summary fashion with little or no reasoning, we owe deference to the state court’s result.”).
In our order granting en banc review, we asked petitioners “[w]hat effect, if any, does the extent of the OCCA’s discussion *1308 of the Rule 3.11 motion, and the proffered non-record evidence, have on whether the OCCA’s decision on the petitioner’s ineffective assistance of counsel claim is entitled to deference under § 2254(d)(1)?” For the reasons discussed above, the simple answer to this question is “none.”
II. Adjudication on the Merits
In addition to its cramped reading of Rule 3.11, the majority also disregards well-established precedent outlining when a state court decision is to be considered an “adjudication on the merits.” In so doing, the majority suggests that every time a habeas petitioner submits new evidence in federal court, the evidence amounts to a new constitutional “claim” that has never been adjudicated. This interpretation of key language from AED-PA is erroneous and contrary to our precedent.
Under a proper reading of AEDPA, a state court adjudication of a claim occurs when the court decides a case on substantive rather than procedural grounds, such that the decision would have preclusive effect in later litigation.[5] This is how the OCCA resolved petitioners’ claims here. The Oklahoma court did not avoid the merits of petitioners’ ineffective assistance claims, but instead ruled that the claims lacked legal merit. Accordingly, the OCCA’s decisions were adjudications on the merits and should be given AEDPA deference.
A.
Section 2254(d) generally requires a federal court to defer to “any claim that was adjudicated on the merits in State court proceedings.” 28 U.S.C. § 2254(d) (emphasis added). “ ‘Adjudicated on the merits’ has a well settled meaning: a decision finally resolving the parties’ claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other ground.” Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001). As a result, “ § 2254(d) applies regardless of the procedures employed or the decision reached by the state court, as long as a substantive decision was reached; the adequacy of the procedures and of the decision are addressed through the lens of § 2254(d), not as a threshold matter.” Teti v. Bender, 507 F.3d 50, 57 (1st Cir.2007), cert. denied, — U.S. -, 128 S.Ct. 1719, 170 L.Ed.2d 525 (2008) (emphasis in original).
Importantly, “[njothing in the phrase ‘adjudicated on the merits’ requires the state court to have explained its reasoning process.” Sellan, 261 F.3d at 311. Even a “summary decision” lacking “cursory reasoning ... constitute^] an ‘adjudication on the merits’.” Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999). We simply “look to the state court’s result and defer to it ... where analysis is lacking.” Id.
In turn, what constitutes a “claim” is also well settled. In the context of preclusion, a claim consists of a legal theory that justifies judgment in a party’s favor. While a party must usually submit evidence to support a claim, the claim exists apart from this evidence. See, e.g., 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4408 (2d ed. 2009) (“Simply offering to provide new evidence does not *1309 establish a new claim, even if the evidence could not have been produced at the time of the first trial.”); see also Saylor v. United States, 315 F.3d 664, 668 (6th Cir.2003) (“The fact that appellants’ new evidence might change the outcome of the case does not affect application of [the] claim preclusion doctrine.”).
This standard definition pertains to the habeas context. The Supreme Court has stated that “a ‘claim’ ... is an asserted federal basis for relief from a state court’s judgment of conviction.” Gonzalez v. Crosby, 545 U.S. 524, 530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). A petitioner “might seek leave to present ‘newly discovered evidence’ in support of a claim previously denied.” Id. at 531, 125 S.Ct. 2641 (emphasis added; citation omitted). But nothing suggests the new evidence would somehow create a new claim.
Additionally, in Schriro v. Landrigan, the Supreme Court held that a federal district court must accord deference to a state adjudication denying a Strickland claim even when the district court “ex-pandís] the record to include additional evidence offered by [the habeas petitioner].” 550 U.S. 465, 468-69, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (emphasis added). Schriro further underscores that new evidence presented to a federal court in a habeas proceeding does not create a new constitutional claim out of whole cloth.
In short, as a textual matter and pursuant to Supreme Court precedent, the OCCA’s resolution on direct appeal of an ineffective assistance of counsel claim is an adjudication on the merits under AEDPA.
B.
Other circuits have addressed this question and have reached a conclusion contrary to the majority’s. For example, the Fifth Circuit in Valdez v. Cockrell, 274 F.3d 941, 950 (5th Cir.2001), rejected the approach advocated by the majority, concluding that a “new evidence” rule “would have the untenable result of rendering the amendments enacted by Congress a nullity.” Rather, the term “ ‘adjudication on the merits’ ... refers solely to whether the state court reached a conclusion as to the substantive matter of a claim, as opposed to disposing of the matter for procedural reasons ____ This mandatory and all-encompassing language ... leaves no room for judicial imposition of a full and fair hearing prerequisite.” Id. at 950 (citations omitted). The majority’s approach imposes just such a prerequisite — in future cases, if a federal court in this circuit determines that a state court failed to examine enough relevant evidence proffered by a petitioner to support a pending ineffectiveness claim, the state court’s judgments are ineligible for deference under AEDPA.[6]
The First Circuit also disagrees with the majority approach, holding that AEDPA deference applies “regardless of the procedures employed or the decision reached by the state court, as long as a substantive decision was reached.” Teti, 507 F.3d at 57 (emphasis in original). Likewise, the Seventh Circuit adheres to the proposition — later adopted by the Supreme Court in Schriro — that new evidence presented to the federal court merely bears on the reasonableness of the state court’s deci *1310 sion, not whether AEDPA deference applies in the first place. See Matheney v. Anderson, 377 F.3d 740, 747 (7th Cir.2004); see also Pecoraro v. Walls, 286 F.3d 439, 443 (7th Cir.2002) (“[E]vidence obtained in [a federal evidentiary hearing] is quite likely to bear on the reasonableness of the state courts’ adjudication; that is true, but we do not see why it should alter the standard of federal review.” (emphasis in original)).
Recently, the Second Circuit joined the ranks, holding that if a federal district court conducts an evidentiary hearing to evaluate new evidence of ineffective assistance of counsel, AEDPA deference still pertains to the ineffectiveness claim. Wilson v. Mazzuca, 570 F.3d 490, 500 (2d Cir.2009). In Mazzuca, the district court held an evidentiary hearing to allow the petitioner’s trial lawyer to explain whether his decisions during trial were the product of a legitimate strategy, or were merely ill-conceived mistakes in judgment. Id. at 497. The threshold question for the Second Circuit was whether de novo review still applied, now that the new evidence of ineffectiveness had emerged. The Second Circuit noted that AEDPA deference is “not conditional,” but rather is “stated in mandatory terms” in the statute. Id. at 500. Based on AEDPA’s clear mandate, the court concluded that “[a]ny new evidence uncovered in the federal proceeding is relevant only insofar as it assists the habeas court in determining whether the state court reached an unreasonable application of the law.” Id.
These cases demonstrate that in theory and in practice, courts are able to apply AEDPA’s review standards to cases involving proffers of new evidence. The new evidence does not create a new claim, and new evidence does not nullify the application of AEDPA. The majority’s approach, however, significantly undermines the statutory scheme, and I fear will lead to a cottage industry of repackaging routine trial errors into newly-discovered ineffective assistance claims. In my view, once a state court has made a substantive judgment on a habeas petitioner’s ineffectiveness claim, as here, we must apply AED-PA deference to that judgment.
C.
In an attempt to square its holding with the text of AEDPA and case law from other circuits, the majority adopts a strained definition of the term “adjudicated on the merits.” Under the majority’s approach, future panels of this court will be required to determine whether a state court considered enough “material evidence” of a petitioner’s claim; only then will the court have adjudicated the claim on the merits. See Maj. Op. at 1292. This approach is problematic for at least two reasons.
First, the majority’s approach defies AEDPA’s plain language. Under § 2254(d), we defer to a state adjudication regardless of the evidence presented in the state court. If a habeas petitioner believes the state’s factual determinations were unreasonable, our review of the petition is still constrained by an analysis of the “evidence presented in the State court proceeding.” § 2254(d)(2). And if the state court denies a petitioner effective procedures for vindicating constitutional rights, as the majority implies the OCCA did here, the petitioner may make this argument as well, under § 2254(b)(1)(B)(ii). But nowhere does AEDPA suggest we should conduct a de novo review merely because we believe the state court’s record was inadequate.
Second, the majority relies heavily on cases that analyze whether a petitioner has “fairly presented” a claim to the state court for purposes of the habeas exhaustion requirement. The majority reads *1311 these cases as equating a “claim” with the evidence that undergirds it. Thus, only when the state court considers the proper amount of evidence, including newly proffered evidence, has the claim been adjudicated on the merits. But our case law on exhaustion draws a distinction between claims and evidence. See Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir.2006) (“Fair presentation requires more than presenting all the facts necessary to support the federal claim to the state court or articulating a somewhat similar state-law claim. Fair presentation means that the petitioner has raised the substance of the federal claim in state court.” (internal quotation marks and citations omitted)).
As the majority points out, a petitioner does not “fairly present” a claim to state court when he withholds vital allegations or evidence. See Demarest v. Pnce, 130 F.3d 922, 935-36 (10th Cir.1997). Indeed, to allow a petitioner to game the system in that way would violate federalism and comity. But ultimately, it is the petitioner’s arguments and overall rationale for obtaining relief that determine what a claim is. The idea of exhaustion is to give a state “the opportunity to pass upon and correct alleged violations of its prisoners’ federal rights.” Duncan v. Henry, 513 U.S. 364, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (internal quotation marks omitted) (citing Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). The OCCA is given this opportunity when it is apprised of a petitioner’s arguments and either accepts or rejects them. Whatever the OCCA decides, AEDPA commands us to defer to the decision through the lens of subsection (d).
Moreover, the majority fails to recognize that the doctrine of exhaustion imposes requirements on habeas petitioners, not on state courts. See Smallwood v. Gibson, 191 F.3d 1257, 1267 (10th Cir.1999) (“Indeed, petitioner has not properly raised before the state courts any of the bases upon which his current ineffective assistance of counsel claims rely. Thus, petitioner has failed to exhaust his ineffective assistance of counsel claims.” (emphasis added)). These requirements further the interests of comity: “it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.” Picard, 404 U.S. at 275, 92 S.Ct. 509 (internal quotation marks omitted) (quoting Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).
Once the petitioner satisfies the exhaustion requirement by fairly presenting a claim, the interests of comity are again implicated, and the state court may adjudicate the claim as it sees fit. Indeed, the petitioner is not entitled to a correct answer from the state court, or even one that is particularly fulsome — the petitioner is only entitled to an answer. See Parker v. Scott, 394 F.3d 1302, 1308 (10th Cir.2005) (“[E]ven an incorrect application of federal law can be ‘reasonable’ under [AEDPA].”); see also Muth v. Frank, 412 F.3d 808, 815 (7th Cir.2005) (“AEDPA’s requirement that a petitioner’s claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court.”). AED-PA commands that we defer to the state court’s decision, not to its reasoning. The exhaustion doctrine does not qualify or otherwise condition this deference.
D.
Finally, the majority claims its narrow view of an “adjudication on the merits” is merely an application of long-standing Tenth Circuit case law, namely Bryan v. Mullin, 335 F.3d 1207 (10th Cir.2003) (en banc), and Miller v. Champion, 161 F.3d 1249 (10th Cir.1998). However, both *1312 Bryan and Miller are, regrettably, based upon legal principles that predate AEDPA and are no longer persuasive.
Miller, without much explanation, applied de novo review to an ineffective assistance of counsel claim merely because such claims are “mixed question[s] of law and fact.” 161 F.3d at 1254. Bryan repeated this mistake, citing Miller for the same proposition. 335 F.3d at 1215-16.
Underpinning MillePs application of the de novo standard was Parker v. Champion, 148 F.3d 1219 (10th Cir.1998). See Miller, 161 F.3d at 1254. But the Parker opinion does not even mention AEDPA, and the case Parker cites in support of its application of the de novo standard of review, Williamson v. Ward, 110 F.3d 1508 (10th Cir.1997), explicitly stated that AED-PA did not apply because the habeas petition at issue was filed before AEDPA’s effective date. See id. at 1513 (“[T]he new law [AEDPA] does not apply under these circumstances.”). After Congress passed AEDPA and thereby “place[d] a new constraint on the power of a federal habeas court to grant a state prisoner’s application for a writ of habeas corpus,” our case law interpreting earlier versions of § 2254 became obsolete. (Terry) Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Thus, Miller—and consequently Bryan — should not have relied upon Parker to erroneously conclude that the de novo standard of review applies to Strickland claims, even in cases when AEDPA’s deferential standard of review should clearly apply.
The Fifth Circuit has exposed an additional flaw in Miller. In Valdez, the Fifth Circuit noted that Miller relied upon yet another pre-AEDPA case for the proposition that “because the state court did not hold any evidentiary hearing ... we need not afford [the state court’s findings] any deference.” See Miller, 161 F.3d at 1254. As the Fifth Circuit observed, Miller’s reliance on outdated case law places the holding in Miller on “rather tenuous footing.” Valdez, 274 F.3d at 953. Bryan too stands on a tenuous foundation because it relies on Miller for the same erroneous proposition. Bryan, 335 F.3d at 1216.[7]
Thus, contrary to the majority’s holding, the OCCA’s resolution of petitioners’ Strickland claims must be given AEDPA deference, notwithstanding the holdings of Bryan and Miller.
III. Application to Petitioners’ Claims
Applying the above principles to the cases at hand, both Wilson’s and Wackerly’s ineffectiveness claims were adjudicated on the merits by the OCCA.
In Wilson’s case, the OCCA expressly found he “failed to carry his burden to show either deficient performance by counsel, or prejudice from the omission of this specific evidence,” i.e., the evidence con *1313 tained in the Rule 3.11 proffer. Wilson v. State, 983 P.2d 448, 472 (Okla.Crim.App.1998). Though it was summary in nature, this disposition was unquestionably substantive. The OCCA evaluated the proffered evidence in light of Strickland and found it wanting. This is all AEDPA requires.
Secondly, though the majority holds otherwise, we should not presume the OCCA failed to consider the “non-record” evidence in Wilson’s Rule 3.11 proffer. After pointing out the proffered evidence would not demonstrate deficiency or prejudice under Strickland, the OCCA went on to conclude, “[W]e further find that Wilson’s application for an evidentiary hearing on this claim should be denied.” Wilson, 983 P.2d at 472 n. 8. Rule 3.11 requires the OCCA to consider such proffered evidence when denying a Rule 3.11 application, and we must presume the court followed its own law. See Bell v. Cone, 543 U.S. 447, 455, 125 S.Ct. 847, 160 L.Ed.2d 881 (2005) (‘We do not think that a federal court can presume so lightly that a state court failed to apply its own law.”); Lopez v. Schriro, 491 F.3d 1029, 1043 (9th Cir.2007) (“[Sjtate courts are presumed to know and correctly apply state law.”). Thus, we must assume the OCCA examined the Rule 3.11 application and supporting materials and concluded an evidentiary hearing would not advance Wilson’s ineffectiveness claim.[8]
As for Wackerly, the OCCA confined its decision to the Rule 3.11 context, stating, “Upon review of the [Rule 3.11] application and supporting exhibits, we find [Wackerly] has shown this Court that trial counsel could perhaps have accessed other information in preparing for trial. However, [Wackerly] has not shown by clear and convincing evidence a strong possibility that defense counsel was ineffective.” Wackerly v. State, 12 P.3d 1, 14 (Okla.Crim.App.2000). This again was a summary adjudication on the merits, and we must presume the OCCA understood the twin requirements of deficient performance and prejudice required by Strickland. If the OCCA believed Waekerly’s claim was so weak that it did not even deserve an evidentiary hearing, the OCCA necessarily concluded the claim failed to satisfy Strickland.
For the reasons set forth in my dissent in Wilson v. Sirmons, 536 F.3d 1064, 1130-47 (2008), I would hold that the OCCA did not unreasonably apply Supreme Court precedent in denying Wilson’s ineffective assistance of counsel claim, and would affirm the district court’s denial of his petition for habeas corpus. Because this court has not yet addressed the substance of Wackerly’s ineffectiveness claim, I would remand to the panel for consideration under the deferential AEDPA standard of review.
IV. OCCA Interpretation of Rule 3.11
As a final matter, I note that the OCCA can escape the consequences of the majority opinion. By rulemaMng or interpretation, it need only clarify that the Rule 3.11 standard is less onerous than Strickland or at least “mirrors” it. See Upchurch v. Bruce, 333 F.3d 1158, 1164 n. 4 (10th Cir.2003).
If the OCCA chooses to explicitly contradict the majority’s reading of Rule 3.11, we must subsequently defer to the OCCA’s *1314 Rule 3.11 determinations as adjudications on the merits, even if they are summary adjudications.[9] See Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir.1999). We must also presume the OCCA will, in accordance with Rule 3.11, examine the affidavits submitted with a defendant’s Rule 3.11 application and conclude they do not alter the Strickland analysis. See Bell v. Cone, 543 U.S. 447, 455, 125 S.Ct. 847, 160 L.Ed.2d 881 (2005) (articulating the presumption that state courts know and apply their own law); Lopez v. Schriro, 491 F.3d 1029, 1043 (9th Cir.2007) (same). Thus, the majority’s concern that Rule 3.11 somehow forecloses substantive review of materials outside the trial record will be obviated.
V. Conclusion
For the foregoing reasons, I respectfully DISSENT.
Appendix

Oklahoma Rule S.ll

OCCA Rule 3.11 is entitled “Supplementation of Record.” Subsection (B) thereof provides, in pertinent part:
B. Supplementation of the record upon request of a party will be allowed only in the following instances:
(3) The Record on appeal is formulated only by matters which have been admitted during proceedings in the district court. A request to supplement the record on appeal with matters not presented to and included as part of the district court record is only available under the following ... circumstances:
(b) When an allegation of the ineffective assistance of trial counsel is predicated upon an allegation of failure of trial counsel to properly utilize available evidence or adequately investigate to identify evidence which could have been made available during the course of the trial, and a proposition of error alleging ineffective assistance of trial counsel is raised in the brief-in-chief of Appellant, appellate counsel may submit an application for an evidentiary hearing, together with affidavits setting out those items alleged to constitute ineffective assistance of trial counsel. This Court will utilize the following procedure in adjudicating applications regarding the ineffective assistance of trial counsel based on evidence not in the record:
(i) In order to rebut the strong presumptions of regularity of trial proceedings and competency of trial counsel, the application and affidavits must contain sufficient information to show this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence.
(ii) If this Court determines such a strong possibility exists, it shall remand the matter to the trial court for an evidentiary hearing, utilizing the adversarial process, and direct the trial court to make findings of fact and conclusions of law solely on the issues and evidence raised in the application.
(iii) Upon remand, the trial court shall conduct an evidentiary hearing within thirty (30) days from the date of remand. In that hearing, the trial court shall make written findings of fact and conclusions of law to be submitted to this court within thirty (30) days of *1315 the evidentiary hearing. The findings of fact and conclusions of law shall determine the availability of the evidence or witness, the effect of the evidence or witness on the trial court proceedings; whether the failure to use a witness or item of evidence was trial strategy, and if the evidence or witness was cumulative or would have impacted the verdict rendered.
(iv) The findings of fact and conclusions of law of the trial court shall be given strong deference by this Court in determining the proposition raised by appellate counsel; however, this Court shall determine the ultimate issue whether trial counsel was ineffective.
Okla. Stat. tit. 22, ch. 18, app. Rule 3.11(B)(3)(b) (1999).

. The relevant portions of Rule 3.11 in effect at the time of petitioners’ direct appeals to the OCCA are set forth in an appendix attached to this opinion. The substantive standard in Rule 3.11, which I believe the majority misconstrues, is as follows:
In order to rebut the strong presumptions of regularity of trial proceedings and competency of trial counsel, the application and affidavits must contain sufficient information to show this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence.
Rule of the Oklahoma Court of Criminal Appeals 3.11 (B)(3)(b)(i), Okla. Stat. Ann., tit. 22, ch. 18, app. (1999) (emphasis added).

. The OCCA’s denial of a Rule 3.11 application is analogous to a grant of summary judgment for the state. Under Rule 3.11, the defendant must argue there is an issue of fact that deserves a state court evidentiary hearing, which pursuant to the Rule is similar to a full trial. See Rule 3.11(B)(3)(b)(ii)-(iii); cf. Berry v. T-Mobile USA, Inc., 490 F.3d 1211, 1216 (10th Cir.2007) ("The purpose of a summary judgment motion is to assess whether a trial is necessary.”). If-in light of the relevant facts — the OCCA determines that no hearing is necessary because the state prevails as a matter of law, the OCCA will deny the Rule 3.11 application and thereby deny the defendant relief for ineffective assistance of counsel. Cf. Berry, 490 F.3d at 1223 ("[T]he evidence offered by [plaintiff] is insufficient to warrant submission of the issue to a jury .... As a result, the district court properly awarded summary judgment to [defendant] on this claim.”).

. In fact, Rule 3.11 requires the OCCA to make the same evaluation a federal court would make in deciding whether a habeas *1305 petitioner's proffer of non-record evidence merits an evidentiary hearing to flesh it out. Cf. Hammon v. Ward, 466 F.3d 919, 927 (10th Cir.2006). Weak or speculative allegations, or those contravened by the trial record, will not lead to a hearing in federal court. See Schriro v. Landrigan, 550 U.S. 465, 474-75, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). Thus, nothing is inherently wrong in looking at the weight of such evidence in evaluating the worthiness of the allegation.

. It is worth noting that the Supreme Court has been able to reconcile competing substantive standards in the context of habeas review. See Sawyer v. Whitley, 505 U.S. 333, 348, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992) ("Therefore, we must determine if petitioner has shown by clear and convincing evidence that but for constitutional error, no reasonable juror would find him eligible for the death penalty under Louisiana law.”). Thus, the only reasonable conclusion to be drawn in this case is that the two standards employed in Rule 3.1 l(B)(3)(b)(i) — "clear and convincing evidence” and a "strong possibility” of ineffective assistance — are compatible with each other and are capable of being applied as intended by the OCCA.

. Although there is a procedural component to an OCCA Rule 3.11 ruling, in that the OCCA thus denies the defendant’s -application for evidentiary hearing and no further proceedings are conducted on the issue, the ruling is not, for the reasons discussed above, strictly procedural. A Rule 3.11 decision involves a substantive examination of the defendanhapplicant’s ineffective assistance claim. It would not make sense to shield that substantive examination from AEDPA deference on the grounds that the state court was simply issuing a procedural ruling.

. Indeed, as Judge Gorsuch points out, Congress has set forth the sole consequence of a state's failure to provide adequate procedures: a habeas petitioner need not exhaust the state procedures and may proceed directly to federal habeas review. See § 2254(b)(1)(B) (a habeas petitioner need not exhaust his constitutional claim in state court where state corrective process is unavailable or is "ineffective to protect the rights of the applicant”). Notably, petitioners in this case do not allege the OCCA’s procedures run afoul of § 2254(b)(1)(B).

. The legal error undergirding Biyan and Miller can be traced back to Nguyen v. Reynolds, 131 F.3d 1340 (10th Cir.1997). In that case, we held the presumption of correctness federal courts must accord state court factual findings does not apply "if the habeas petitioner did not receive a full, fair, and adequate hearing in the state court proceeding on the matter sought to be raised in the habeas petition.” Id. at 1359. As Judge Gorsuch notes in his dissent, there is no longer a "full and fair hearing” requirement in federal habeas law. Our later citations to Nguyen are therefore erroneous. It is a pre-AEDPA case that ultimately relies on Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), to establish the pre-AEDPA standard for the grant of an evidentiary hearing. See Nguyen, 131 F.3d at 1359 (citing Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1535 (10th Cir.1994)); see also Dever, 36 F.3d at 1535 (citing Townsend, 372 U.S. at 312, 83 S.Ct. 745). In our post-AEDPA world, these precedents lack persuasive authority. See Schriro, 550 U.S. at 474, 127 S.Ct. 1933.

. The majority tries to have it both ways. It first concludes that the OCCA cannot consider Rule 3.11 proffers because they are not part of the "trial record.” Maj. Op. at 1286, 1291. But if the OCCA goes on to consider the proffer, as it did in Bland v. State, 4 P.3d 702, 732-34 (Okla.Crim.App.2000), and Welch v. State, 2 P.3d 356, 376-77 (Okla.Crim.App.2000), the majority will grant the determination AEDPA deference. Maj. Op. at 1292. Either the proffer is or is not part of the record. It cannot be both.

. For this reason, I agree with Judge Gorsuch that certification to the OCCA is appropriate here. Though, in my view, Rule 3.11 sets forth a substantive standard more favorable to defendants than the Strickland standard, certification would resolve the matter with certainty.