UNITED STATES of America, Plaintiff/Respondent,

v.

Marcos Robert CASTANEDA, Defendant/Petitioner.

CR 91–00582–AK
CV 16–03856–AK

United States District Court, C.D. California.

Signed June 19, 2017

Adam P. Schleifer, Assistant US Attorney LA–CR, Diana L. Pauli, AUSA—Office of US Attorney General, Crimes Section, Cassie D. Palmer, AUSA—Office of the US Attorney, Major Frauds Section, Los Angeles, CA, for Plaintiff/Respondent.

Alyssa D. Bell, Brianna Fuller Mircheff, Federal Public Defenders Office, Los Angeles, CA, for Defendant/Petitioner.

## ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS

HONORABLE ALEX KOZINSKI, Circuit Judge, sitting by designation

The court considers defendant Marcos Castaneda's motion to correct his sentence under 28 U.S.C. § 2255, and the government's motion to dismiss.

### BACKGROUND

Castaneda was convicted of four counts of armed bank robbery in 1994. PSR ¶ 1. The probation office's presentence report determined that Castaneda was a career criminal under the then-mandatory Sentencing Guidelines. PSR ¶¶ 61–62. This gave Castaneda a guidelines range of 262 to 327 months. PSR ¶ 87.

Castaneda objected to the guidelines range, but not to his classification as a career offender. See Objections to Probation Report. The court sentenced him to 320 months of imprisonment: 300 months for each of Counts 1, 2 and 3, all served concurrently, and 20 months for Count 4, served consecutively. See Judgment. This was at the high end of Castaneda's mandatory Sentencing Guideline range. See PSR Guideline Summary. The sentence reflected Castaneda's current offenses, career criminal status and conduct during the proceedings, such as attacking his lawyer and a deputy marshal. See Sentencing Hearing Tr. at 24–27; PSR ¶ 65. Castaneda didn't challenge his sentence on appeal.

Over two decades after his sentencing, Castaneda has moved to correct his sentence under 28 U.S.C. § 2255. He relies on Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Mot. for Resentencing under 28 U.S.C. § 2255 at 1. Johnson held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was

unconstitutionally vague and thus void. 135 S.Ct. at 2563.

Castaneda argues that Johnson also invalidates the residual clause in the Sentencing Guidelines's armed career criminal sentence enhancement provision because its text is identical to the voided text in the ACCA. See Mot. for Resentencing under 28 U.S.C. § 2255 at 1, 12–20. He also claims that his robbery convictions cannot be classified as violent crimes. Id. at 18–21.

This case was stayed pending the Supreme Court's decision in Beckles v. United States, — U.S. —, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Court there determined that Johnson doesn't apply to the residual clause in the Sentencing Guidelines's armed career criminal sentence enhancement, U.S.S.G. § 4B1.2(a)(2). Beckles, 137 S.Ct. 886, 892.

## ANALYSIS

Motions under § 2255 must be filed within one year from the date a conviction becomes final unless an exception applies. 28 U.S.C. § 2255(f)(1). Under § 2255 (f)(3), a petition has one year from the date the Supreme Court recognizes a new retroactive right. Welch v. U.S. established that Johnson recognized a new retroactive right, — U.S. —, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016), and Castaneda filed within one year of Johnson.

Johnson dealt with the residual clause of the ACCA, not the Sentencing Guidelines. Further, the Supreme Court clarified in Beckles that, unlike the ACCA, "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Beckles, 137 S.Ct. at 890. However, Beckles is limited to advisory guidelines. See, e.g., Beckles, 137 S.Ct. at 890, 892, 894, 895, 896, 897, 903 n.4 (Sotomayor, J., concurring in the judgment). The Court explained that the advisory Guidelines don't "fix the permissible range of sentences," whereas the ACCA's residual clause did. Id. at 892. "The advisory Guidelines also do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." Id. at 894. Because the guidelines are discretionary and sentencing courts can impose a non-Guidelines sentence, there's no risk of arbitrary enforcement. Id.

■ Beckles therefore doesn't control cases where defendants (like Castaneda) were sentenced before the Supreme Court held that the Sentencing Guidelines were "effectively advisory." United States v. Booker, 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The principles that motivated the Court's holding in Beckles aren't easily applied to the pre-Booker mandatory guidelines. Due process concerns motivated the Court in creating notice rules relating to the mandatory Guidelines. Irizarry v. United States, 553 U.S. 708, 713–14, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008). Sentencing ranges calculated under the mandatory Guidelines effectively established minimum and maximum penalties because such ranges were binding on the courts. Booker, 543 U.S. at 233–34, 125 S.Ct. 738. Thus, Beckles doesn't preclude Castaneda from arguing that the mandatory Guidelines are subject to the same due process concerns as in Johnson.

■ Castaneda nevertheless faces a different hurdle. He relies on the fact that his sentence was based on a vague residual clause. But robbery is explicitly named as a crime of violence in the application note to the career offender guideline: " 'Crime of violence' includes ... robbery ...." U.S.S.G. § 4B1.2, app. n. 2.

■ "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative ...." Stinson v. United States, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Therefore, note 2

designating robbery as a crime of violence was binding when the court sentenced Castaneda. Moreover, Ninth Circuit precedent at the time established that federal robbery and California robbery were crimes of violence under the then-existing Guidelines. United States v. McDougherty, 920 F.2d 569, 573–74 (9th Cir. 1990) (California robbery); United States v. Selfa, 918 F.2d 749, 751–52 (9th Cir. 1990) (federal robbery). Castaneda had plenty of notice.

 "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); see also Holder v. Humanitarian Law Project, 561 U.S. 1, 18–19, 130 S.Ct. 2705, 177 L.Ed.2d 355 (2010). Because robbery is explicitly named as a crime of violence, the application note isn't vague in this case. Justice Ginsburg's concurrence in Beckles relied on this precise analysis. 137 S.Ct. at 897–98 (Ginsburg, J., concurring in the judgment). The defendant's predicate crime in Beckles was also explicitly named in the commentary of the advisory Guidelines' residual clause. Id. at 897. Justice Ginsburg explained that Beckles couldn't make a void-for-vagueness argument because his conduct was clearly proscribed by the commentary. Id. at 898. Castaneda's conduct was also clearly proscribed by the commentary, so he has no basis for a Johnson due process claim.

Castaneda argues that if the residual clause is unconstitutionally vague, then the commentary is voided as well. But, "excising the problematic provision first and considering illustrative language second flip[s] the normal order of operations in adjudicating vagueness challenges." Id. at 897 n.* (internal quotation marks and citation omitted). Clarifying constructions save otherwise vague statutes from vagueness challenges. See, e.g., Bell v. Cone, 543 U.S. 447, 453–60, 125 S.Ct. 847, 160 L.Ed.2d 881 (2005); Hoffman Estates, 455 U.S. at 500–02, 102 S.Ct. 1186. The commentary saves the residual clause from Castaneda's vagueness challenge. Castaneda has no basis for his Johnson claim and thus no new retroactive constitutional rights to re-open his window for filing a § 2255 motion.

**The government's motion to dismiss is granted. Castaneda's motion to correct his sentence is denied.**